**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ILENE SIEMER, *et al.*, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | No. 07-CV-2170 |
| | : | |
| v. | : | Judge Pallmeyer |
| | : | |
| THE QUIZNO'S FRANCHISE COMPANY LLC f/k/a THE QUIZNO'S CORPORATION, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF OBJECTION OF CLASS MEMBERS TO PROPOSED SETTLEMENT AND THEIR MOTION TO INTERVENE**

Pursuant to this Court's March 2, 2010 Order, Gary and Jill Gevaart, and Globe Food Services LLC, a Wisconsin limited liability company of which the Gevaarts are the sole members (collectively, the "Gevaarts"), hereby submit this Reply Brief in further support of their January 29, 2010 Objection and Motion to Intervene in the above-captioned action (the "Objection") and in response to the oral opposition of the Defendants to the Objection. The Gevaarts seek to intervene in this action, in advance of the June 30, 2010 Final Approval Hearing, to obtain discovery on several discrete issues, all centered around whether other Franchise Operator Class III members incurred additional, personal debt, like the Gevaarts, to stay current on the applicable fees and charges imposed by the Defendants and the extent to which such class members will be able to take advantage of the "debt forgiveness" provision of the October 27, 2009 Class Action Settlement Agreement and Release (the "Settlement Agreement").

All parties oppose discovery. As more fully stated below, the presence of an opt-out

provision in the Settlement Agreement does not foreclose the Gevaarts' right to object to the Settlement Agreement and seek to intervene to protect their rights.  Moreover, given the disparate treatment among and between the different classes whose claims are to be released by the Settlement Agreement, all of whom were represented by the same counsel, and the facially excessive amount of the "Incentive Awards" in the aggregate, the Gevaarts' objection is well-founded, at least based on the information available.  The Gevaarts should have the right to intervene to pursue limited discovery relating to the manner in which their situation, and those of similarly situated former Quiznos franchisees who incurred personal debt in order to satisfy the Defendants' onerous fees, was considered by the parties in negotiating the Settlement Agreement.

I.  **ARGUMENT**

    A.  **The Right To Opt-Out Does Not Preclude Intervention.**

        Plaintiffs argue that because the Gevaarts have not opted-out, denial of their motion to intervene would be appropriate.  Opposition at 5-6.  In support, Plaintiffs rely on *Downey v. Mortgage Guaranty Ins. Corp.*, No. Civ.A. 100-108, 2001 WL 34092617 (S.D. Ga. Oct. 1, 2001), an unpublished and subsequently vacated order, *see Downey v. Mortgage Guaranty Ins. Corp.*, 313 F.3d 1341 (11th Cir. 2002), but this case was primarily concerned with whether an appeal bond was necessary.  *See Downey*, 2001 WL 34092617, at *1-*2 (discussing, *inter alia*, whether an appeal bond should encompass attorneys' fees).  Only after this discussion did the *Downey* court state, without any supporting citation, that "[w]here an alternative means of adequately protecting one's interest exists [*i.e.*, opting out], denial of intervention as of right is

not an abuse of discretion." *Id.*, 2001 WL 34092617, at *3.[1]  The Gevaarts respectfully submit that, standing alone, this decision provides insufficient support for the proposition that a right to opt-out precludes intervention.  Indeed, it would be illogical to conclude that an opt-out right forecloses a right of intervention because, in the one case, a party is removing itself from the litigation, while, in the other case, the party seeks to more actively participate.

### B. Given The Disparate Treatment Among Class Members, The Gevaarts' Objection Is Well-Founded.

The Settlement Agreement affords class members different relief depending on their situation.  Objection at 6-9.  Franchise Operator "Class III members," such as the Gevaarts, get substantially smaller payments and get no benefit from the system-wide improvements that benefit other class members.  Courts have recognized that "[o]ne sign that a settlement may not be fair is that some segments of the class are treated differently from others." *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 808 (3rd Cir.), *cert. denied sub. nom.*, 516 U.S. 824 (1995); *see True v. American Honda Motor Co.*, No. EDCV 07-0287-VAP (Opx), 2010 WL 707338, at *10 (C.D. Cal. Feb. 26, 2010) (same); *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 880 F.Supp. 292, 299 (M.D. Pa. 1995).  Here, this significantly disparate treatment alone suggests the benefit to be obtained by permitting scrutiny by interested

---

[1]Plaintiffs also cite to *Whitford v. First Nationwide Bank*, 147 F.R.D. 135 (W.D. Ky. 1992), which overruled the class member's objection, in part, because it was based upon a claim never asserted. *See id.*, 147 F.R.D. at 143 (objector "contended that class members may have been forced into bankruptcy because of overcharges and therefore the relief offered to those class members is inadequate [but] there is no evidence in the record that any class member defaulted on monthly mortgage payments as a result of interest overcharges. ...  Any class member who believed that such a claim was viable was given a reasonable opportunity to opt out of the class").  Here, the Gevaarts are not asserting a different claim, but rather are objecting to the disparate treatment they are afforded under the Settlement Agreement.

-3-

parties rather than mere recitations of fairness by proponents of the Settlement Agreement. *Cf.*, *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983) (where "a settlement explicitly provides for preferential treatment for the named plaintiffs in a class action, a substantial burden falls upon the proponents of the settlement to demonstrate and document its fairness").

Plaintiffs charge that the Gevaarts are merely advancing "a potential theoretical basis for another subclass," Opposition at 5, does not address the Gevaarts' request. All the Gevaarts seek is information sufficient to determine whether any other Franchise Operator Class III members incurred additional, personal debt in connection with their operation of a Quiznos franchise and, if so, how those liabilities were accounted for in the proposed settlement.

At the March 2, 2010 hearing, the parties pointed to the absence of other objectors as a reason to deny the Gevaarts' request. But this argument favors intervention: Plaintiffs themselves repeatedly refer to a "reasonabl[e] fear[]" of retaliation by the Defendants, and a fear that taking a stand against Quiznos would result in Quiznos bringing litigation against the franchisees. Given the Defendants' reputation, it is little wonder that none of the other Franchise Operator Class III members asserted objections, and the Gevaarts' participation is merited.

C.    **The Gevaarts Should Be Allowed To Pursue Limited Discovery.**

Plaintiffs argue that the Gevaarts are categorically prohibited from access to any discovery because they have failed to make a showing of collusion. *See* Opposition at 11-13. While in *Mars Steel Corp. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 834 F.2d 677 (7th Cir. 1987), the Seventh Circuit held that discovery regarding settlement negotiations is appropriate "only where the party seeking it lays a foundation by adducing from other sources

-4-

evidence indicating that the settlement may be collusive ....," *id.*, 834 F.2d at 684, the present circumstances, and the disparate treatment of the Class members involved, argue in favor of intervention and discovery (even if all of the discovery sought related to settlement negotiations – which it does not). *See, e.g., In re General Tire and Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984) (whether to permit discovery regarding objections to class action settlement depends on "whether or not the District Court had before it sufficient facts intelligently to approve the settlement offer") (citation omitted); *see generally*, W. Rubenstein, A. Conte & H. Newberg, *Newberg on Class Actions* § 11:57 (Nov. 2009) ("The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement") (footnote omitted).

Other courts have found that "excessive payments to named class members can be an indication that the agreement was reached through fraud or collusion." *Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003). Absent a showing to the contrary, "the possibility that class counsel were simply rewarding with higher damages amounts those class members who had promised to contribute toward their costs during the pendency of the suit gains considerable plausibility." *Id.*, 327 F.3d at 976. Plaintiffs' Declarations from the mediators, *see* March 1, 2010 Declaration of Michael L. O'Donnell; March 1, 2010 Declaration of Hon. Dickran Tevrizian (Ret.), say nothing about incentive awards or additional payments to named plaintiffs or class representatives.

Under these circumstances, "[o]bjectors should be allowed 'meaningful participation in the fairness hearing without unduly burdening the parties or causing an unnecessary delay.'" *Hemphill v. San Diego Ass'n. of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2005) (citation

omitted).  Given the timing of the Gevaarts' request, the minimal discovery they seek will cause

neither an undue burden or an unnecessary delay.

## II.     CONCLUSION

For the foregoing reasons, the Gevaarts respectfully request that the Court permit them to

intervene in this action and pursue limited discovery as described herein.

Dated: March 16, 2009                              Respectfully submitted,

                              By:     /s/ *Scott R. Shepherd*
                                      Scott R. Shepherd (# 6190949)
                                      James C. Shah
                                      Shepherd, Finkelman, Miller & Shah, LLP
                                      35 E. State Street
                                      Media, PA 19063
                                      (610) 891-9880
                                      (610) 891-9883 (facsimile)

                                      Douglas P. Dehler
                                      Shepherd, Finkelman, Miller & Shah, LLP
                                      111 E. Wisconsin Avenue  Suite 1750
                                      Milwaukee, WI 53202
                                      (414) 226-9900
                                      (414) 226-9905 (facsimile)

                                      Patrick A. Klingman
                                      Shepherd, Finkelman, Miller & Shah, LLP
                                      65 Main Street
                                      Chester, CT  06412
                                      (860) 526-1100
                                      (860) 526-1120 (facsimile)

                                      Attorneys for Gary and Jill Gevaart, and
                                      Globe Food Services LLC

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 16, 2010, I electronically filed the foregoing, together with the Notice of Motion and Objection, with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

I further certify that on March 16, 2010, pursuant to the Notice, copies of the foregoing were served on the parties listed below by U.S. Express Mail (postage prepaid):

Gerald A. Marks                                Stephen E. Kravit
Marks & Klein, LLP                             Kravit, Hovel & Krawczyk S.C.
63 Riverside Avenue                            825 North Jefferson Street  Suite 500
Red Bank, NJ  07701                            Milwaukee, WI  53202-3737

Leonard H. MacPhee                             Fredric A. Cohen
Perkins Coie LLP                               Cheng Cohen LLC
1899 Wynkoop Street  Suite 700                 311 North Aberdeen Street  Suite 400
Denver, CO  80202-1043                         Chicago, IL  60607


                                    /s/ *Scott R. Shepherd*