UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILENE SIEMER, *et al.*, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE QUIZNO'S FRANCHISE COMPANY LLC, f/k/a THE QUIZNOS CORPORATION, *et al.*, <br><br> Defendants. | No. 07 C 2170 <br> Hon. Judge Pallmeyer |

## DEFENDANTS' MOTION TO FILE SUR-REPLY

Defendants The Quiznos Franchise Company f/k/a The Quiznos Corporation, *et. al*, ("Quiznos") respectfully request the right to file the attached Defendants' Sur-Reply In Opposition To The Objection Of Gary And Jill Gevaart And Globe Food Services, LLC To Proposed Class Action Settlement And The Objectors' Motion to Intervene ("Sur-Reply") (attached hereto as Exhibit 1).

Quiznos submits this Sur-Reply so that it may briefly addresses two issues raised in Gary Gevaart and Jill Gevaart and Global Food Services LLC's (collectively the "Gevaarts") Reply Brief In Further Support Of Objection Of Class Members To Proposed Settlement And Their Motion to Intervene: 1) the Gevaarts' response to Quizno's objection to the Gevaarts' Motion to Intervene and 2) the Gevaarts' statements regarding the scope of the discovery they seek.

Dated: March 26, 2010

By: *s/ Amy C. Haywood*
One of their attorneys

1

Fredric A. Cohen
Amy C. Haywood
**CHENG COHEN LLC**
311 N. Aberdeen, Suite 400
Chicago, Illinois 60607-1213
Phone: (312) 243-1701
Fax:     (312) 277 3961
E-mail:  fredric.cohen@chengcohen.com
         amy.haywood@chengcohen.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion to File Sur-Reply and attached Defendants' Sur-Reply In Opposition To The Objection Of Gary And Jill Gevaart And Globe Food Services, LLC To Proposed Class Action Settlement And The Objectors' Motion To Intervene were electronically filed and served on counsel of record on this 26th day of March 2010.

Dated:    March 26, 2010              *s/Amy C. Haywood*
                                       Amy C. Haywood

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILENE SIEMER, *et al.*, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>THE QUIZNO'S FRANCHISE COMPANY LLC, f/k/a THE QUIZNOS CORPORATION, *et al.*,<br><br>　　　　　　Defendants. | No. 07 C 2170<br>Hon. Judge Pallmeyer |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO THE OBJECTION OF GARY AND JILL GEVAART AND GLOBE FOOD SERVICES, LLC TO PROPOSED CLASS ACTION SETTLEMENT AND THE OBJECTORS' MOTION TO INTERVENE**

Defendants The Quiznos Franchise Company f/k/a The Quiznos Corporation, *et. al*, ("Quiznos") respectfully submit this limited Sur-Reply in response to Gary and Jill Gevaart and Global Food Services LLC's (collectively the "Gevaarts") Reply Brief in Further Support of Objection of Class Members To Proposed Settlement and Their Motion To Intervene.

### INTRODUCTION

Out of the more than 8,000 potential class members that were sent notice of the settlement agreement, the Gevaarts are the sole objectors. The Gevaarts' principal complaint about the settlement is that because they owed no money to Quiznos at the time they closed their store and cannot take advantage of the proposed release of past due obligations under the settlement agreement, the compensation they would receive under the settlement is unfair compared to the proposed compensation for the franchise operator representative plaintiffs. Based on this facially baseless position – and despite their ability to protect their interests by

1

opting out of the settlement agreement altogether – the Gevaarts ask this Court to permit them to intervene and conduct incredibly burdensome, needlessly time-consuming and unwarranted discovery into the personal-debt situation of thousands of franchisees, ultimately targeted at unraveling a fair and heavily-negotiated nationwide class action settlement. The Gevaarts are not entitled to intervene or to the discovery they seek.

## ARGUMENT

### I. The Gevaarts Motion To Intervene Should Be Denied Because They Could Have Protected Their Interest By Opting Out of the Settlement Agreement.

The Gevaarts do not dispute that they, like all potential class members, had the opportunity to opt-out of the Settlement Agreement and pursue on their own any claims they believe they have against Quiznos. Nor do the Gevaarts make any factual or legal argument as to how their right to opt-out is insufficient to protect their interests, thereby mandating intervention. *See* Fed. R. Civ. P. 24(a) (a court must permit intervention by those "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests.") The Gevaarts were free to opt-out of the Settlement Agreement to protect any interest they had in pursuing their own claims against Quiznos if they believed that the compensation due to them under the proposed Settlement Agreement was insufficient. Given their ability to opt out of the Settlement Agreement, they are not entitled to intervene.

Plaintiffs' opposition to the Gevaarts' objection cites case law recognizing that the ability to opt-out of a class action adequately protects a proposed intervener's (or objector's) interests. *See e.g. Downey v. Mortgage Guaranty Ins. Co.*, No. 100-108, 2001 U.S. Dist. LEXIS 24918, at *13 (S.D. Ga. Oct. 1, 2001); *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 143 (W.D. Ken. 1992); (Pls. Opp. at 5-6.). For their part, the Gevaarts provide no authority to the contrary, but merely assert that these cases do not preclude intervention.

2

As an initial matter, the Gevaarts misconstrue their burden. It is the movant's burden to establish all elements supporting intervention, *In re Old Bank One Shareholders Securities, Litig.*, No. 00 C 2100, 2007 U.S. Dist. LEXIS 94776, at *4 (N.D. Ill. 2007), not the respondents' burden to establish categorical preclusion.

As a matter of substance, the Gevaarts' dismissal of *Downey* and *Whitmore* is half-hearted at best. That *Downey*, 2001 U.S. Dist. LEXIS 24918, was vacated on appeal on other grounds is clear from the appellate opinion, *Downy v. Mortgage Guaranty Corp.*, 313 F.3d 1341 (11th Cir. 2002), and the Eleventh Circuit made no suggestion that the district court's denial of the motion to intervene "because [the movant] could adequately protect her interest by opting out of the class suit" was improper. *Downey*, No. 100-108, 2001 U.S. Dist. LEXIS 24918, at *13, *vacated on other grounds by Downey*, 313 F.3d 1341. Nor does the fact that the court was primarily concerned with the propriety of an appellate bond negate its conclusion that the ability to opt out of a class suit supports denial of a motion to intervene. *Id.*[1]

These cases, however, need not stand alone. They are not the only courts that have recognized that a class member intervener's interests are adequately protected when they have the ability to opt-out. *See e.g. Farinella v. Paypal, Inc.*, 611 F. Supp. 2d 250, 258 (E.D.N.Y. 2009) (approving settlement agreement, denying motion to intervene, and recognizing that "the existing parties would be prejudiced by [movant's] intervention because it further delays the payment of compensation to eligible class members" and that movant "is not prejudiced because she had the opportunity to opt out of the litigation and pursue her own claim against the defendants, as she has shown that she is willing and capable of doing."); *Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173 (E.D. Pa. 2008) ("[M]ovant can opt out of any class that

---

[1] The Gevaart's discussion of *Whitford* reads into the case a distinction that simply is not there. 147 F.R.D. 135. *Whitford* makes no statement that the ability to opt-out is only protective of an objector's interests where purportedly "different" claims from those of the class are asserted. *Id.*

3

may ultimately be certified in order to pursue his claims independently. Thus, the court finds that movant has not demonstrated a real deprivation of interests.") (citing *In Re Safeguard Scientifics,* 220 F.R.D. 43, 48-49 (E.D. Pa. 2004) (denying proposed intervention of a class member under Rule 24 because the class member was free to pursue an individual claim); *Shakman v. City of Chicago*, No. 69 C 2145, 2007 U.S. Dist. LEXIS 36506, at *9 (N.D. Ill. May 28, 2007) (recognizing that movant "will not be prejudiced if intervention is denied" as "[h]e will remain free, if he chooses, to object to the settlement agreement and to opt-out and pursue his individual lawsuit should the settlement be approved.")

The Gevaarts have presented no basis to permit, much less mandate, their intervention and the court should deny their motion to intervene.

**II.     The Gevaarts' Request For Discovery Should Be Denied.**

As plaintiffs set forth in their opposition brief, the Gevaarts have not demonstrated their entitlement to any discovery at all. In their reply brief, the Gevaarts do nothing to undermine this conclusion. Instead they make the unsupportable suggestion that they seek only "minimal" or "limited" discovery. This characterization, however, is belied by their request: "All the Gevaarts seek is information sufficient to determine whether any other Franchise Operator Class III members incurred additional, personal debt in connection with their operation of a Quiznos franchise and, if so, how those liabilities were accounted for in the proposed settlement." (Gevaart Reply at 4.) The Gevaarts cannot seriously contend that this request involves limited or minimal discovery.

Quiznos does not maintain information on its franchisees regarding their personal debt. (See Decl. of Patrick Meyers, attached hereto as Ex. A.) Obtaining the "limited" discovery the Gevaarts seek would be a practical nightmare and impossible to do in any remotely efficient or timely manner – perhaps impossible to do at all. The Gevaarts would have to request, or more

4

likely subpoena, documents from thousands of franchisees around the country about their personal finances. The suggestion that such information would even be forthcoming naively presumes that these thousands of franchisees would be ready and willing to undergo the burden and expense of complying with the Gevaarts' discovery requests to assist the Gevaarts in derailing a settlement agreement that the vast majority of franchisees have determined benefits them.[2]

Oral discovery presents no less of an obstacle. The Gevaarts would have to request, or again, more likely subpoena, the appearance of thousands of franchisees at depositions and then travel (and require the parties travel) all over the country to conduct these depositions. And the Gevaarts have no basis to assume that these franchisees would be all too happy to take time away from their businesses to prepare for and attend a deposition to facilitate the Gevaarts' ends.

Inevitably, there would be issues of compliance, disputes over the completeness and authenticity of the documents, and confidentiality concerns in providing personal information. Franchisees would be confused about their legal rights, having already been advised of their rights and options under the Settlement Agreement through notice, but later receiving a request to participate in the Gevaarts' settlement discovery process. The parties would suffer insurmountable prejudice in the form of delay in approval of the Settlement Agreement and disruption to the claims and settlement distribution processes.

In sum, the Gevaarts are not entitled to any discovery, much less the burdensome, overly time-consuming, costly and unwarranted discovery they seek.

## CONCLUSION

Quiznos respectfully submits that the Gevaarts' Motion to Intervene, Objection, and

---

[2] Of the more than 8,000 notices sent, one franchisee (the Gevaarts) has objected, 243 have opted out of the settlement agreement, and 2254 have submitted claim forms.

5

request for discovery should be denied.

Dated: March 26, 2010

By: *s/ Amy C. Haywood*
One of their attorneys

Fredric A. Cohen
Amy C. Haywood
**CHENG COHEN LLC**
311 N. Aberdeen, Suite 400
Chicago, Illinois 60607-1213
Phone: (312) 243-1701
Fax:    (312) 277 3961
E-mail: fredric.cohen@chengcohen.com
        amy.haywood@chengcohen.com

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILENE SIEMER, *et al.*, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>THE QUIZNO'S FRANCHISE COMPANY LLC, f/k/a THE QUIZNOS CORPORATION, *et al.*,<br><br>　　　　　Defendants. | No. 07 C 2170<br>Hon. Judge Pallmeyer |

## DECLARATION OF PATRICK MEYERS

I, Patrick Meyers, declare as follows:

1. My name is Patrick Meyers. I am an individual over the age of eighteen (18) years. I have personal knowledge of the facts stated herein and would be willing and able to testify thereto if and when called upon to do so.

2. I am employed by Consumer Capital Partners as Managing Director and Chief Legal Officer.

3. Quiznos does not maintain information on its franchisees regarding their personal debt.

4. If the Gevaarts were to request from Quiznos information regarding the personal debts of its franchisees, Quiznos would be unable to provide such information as it is not in the possession, custody or control of Quiznos.

5. I declare under penalty of perjury that the foregoing is true and correct.

1

Executed on March 25, 2010

_____
PATRICK MEYERS