UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILENE SIEMER, et al.,

    INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
    SIMILARLY SITUATED,

              Plaintiffs,                      Case No. 07-CV-2170

vs.

THE QUIZNO'S FRANCHISE COMPANY LLC F/K/A THE
QUIZNO'S CORPORATION, et al.,

                Defendants.

**FINAL JUDGMENT AND ORDER FOR DISMISSAL**

        A fairness hearing was held in this Court on June 30, 2010, pursuant to a Motion for Final Approval of Class Action Settlement Agreement and Release and an order preliminarily approving the proposed settlement (the "Preliminary Approval Order") of this and related actions dated November 20, 2009. Due and adequate notice having been given of the Settlement as required in the Preliminary Approval Order, and a full and fair opportunity to be heard having been given to all persons who requested to be heard in accordance with the Preliminary Approval Order, and the Court, having considered all papers filed in support of and opposition to final approval, and especially the objections of any objectors and the arguments of counsel, and otherwise being fully informed as to the facts and circumstances of this matter and good cause appearing therefor,

        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

        1.       This Final Judgment and Order for Dismissal incorporates by reference the definitions set forth in Section II of the October 27, 2009 Class Action Settlement Agreement and Release (the

"Agreement"), and all terms used herein shall have the same meanings as set forth in the Agreement.

2.     This Court has jurisdiction over the subject matter of this action as well as personal jurisdiction over all parties to those actions, the SNO Class Members, the Franchise Operator Class Members, QCE, the QCE-Related Parties and the Defendants.

3.     The Notice of Pendency and Proposed Settlement of Class Action (Exhibit D to the Agreement) given to the SNO Settlement Class and Franchise Operator Settlement Class was the best notice practicable under the circumstances, including the individual notice to those members of the SNO Settlement Class and the Franchise Operator Settlement Class who could be identified through the business records of QCE. The Notice of Pendency and Proposed Settlement of Class Action (Exhibit D to the Agreement) further provided the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all Persons entitled to such notice, and said Notice of Pendency and Proposed Settlement of Class Action fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

4.     No SNO Class Members and just one (1) Franchise Operator Class Members filed an objections to the Settlement.. This Court has considered that objection, and for the reasons set forth in a separate order, overrules it.

5.     Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for purposes of effectuating the Settlement, a SNO Settlement Class defined as follows:

> All Quiznos Franchisees who paid an Initial Franchise Fee or who were not charged an Initial Franchise Fee on or before July 2, 2009 to purchase a Quiznos Restaurant to be located in the United States, the District of Columbia or the United States Territory of Puerto Rico which did not open for operation on or before that date. The SNO Settlement Class also specifically includes (i) Barton Klatt; (ii) Megan Makki; (iii) Joe Chia; (iv) Moe Mastani; (v) Amir Milani; (vi) Negin Milani; and (vii) Sima Savarini (together with their owners, guarantors, officers, directors,

predecessors, successors, representatives, heirs, executors, administrators, successors and assigns). Except as otherwise provided in this paragraph, the SNO Settlement Class specifically **EXCLUDES**:

(a) The *Elhilu* Settlement Class (defined in paragraph 2.15 of the Agreement);

(b) All Quiznos Franchisees who would otherwise be SNO Class Members but who have previously asserted a claim against QCE, the QCE-Related Parties or QCE's Affiliates (or any of their predecessors, successors, or parents) and were represented by counsel which resulted in a signed settlement agreement, judgment or arbitration award;

(c) All Quiznos Franchisees who timely and validly request exclusion from the SNO Settlement Class pursuant to the opt out provisions described in paragraph 12.2 of the Agreement;

(d) All Quiznos Franchisees who purchased a Non-Traditional Quiznos Restaurant;

(e) All Persons who are employees of QCE, the QCE-Related Parties, and the Defendants (but not excluding area directors, market captains or regional managers of QFA, QCE, and/or one of the QCE-Related Parties who otherwise are members of the SNO Settlement Class and/or the Franchise Operator Settlement Class);

(f) All Quiznos Franchisees not represented by counsel against whom a default judgment was entered in favor of any of the Defendants named in the SNO Operator Class Action; and

(g) All Quiznos Franchisees who received a full refund of the Initial Franchise Fee paid for a Quiznos Restaurant to be located in the United States, the District of Columbia and the United States Territory of Puerto Rico which did not open for operation on or before July 2, 2009.

5. Pursuant to Fed. R. Civ. P. 23, the Court further certifies, for purposes of effectuating the Settlement, a Franchise Operator Settlement Class defined as follows:

All Quiznos Franchisees (including all Current Operators as defined in paragraph 2.11 of the Agreement) in the United States, the District of Columbia and the United States Territory of Puerto Rico who, at any time prior to the Preliminary Approval Date, have operated a Quiznos Restaurant pursuant to a Franchise Agreement. The Franchise Operator Settlement Class specifically **EXCLUDES**:

3

      (a)    All Quiznos Franchisees who would otherwise be Franchise Operator Settlement Class Members but who have previously asserted a claim against QCE, the QCE-Related Parties or QCE's Affiliates (or any of their predecessors, successors, or parents) and were represented by counsel which resulted in a signed settlement agreement, judgment or arbitration award;

      (b)    All Quiznos Franchisees who timely and validly request exclusion from the Franchise Operator Settlement Class pursuant to the opt out provisions described in paragraph 12.2 of the Agreement;

      (c)    All Quiznos Franchisees who operated a Non-Traditional Quiznos Restaurant (defined in paragraph 2.35 of the Agreement), except non-institutional owners (i.e. Quiznos Franchisees who have executed 2 or fewer Franchise Agreements) of Non-Traditional Quiznos Restaurants located in convenience stores and gas stations;

      (d)    All Persons who are employees of QCE, the QCE-Related Parties, and the Defendants (but not excluding area directors, market captains or regional managers of QFA, QCE and/or one of the QCE-Related Parties who otherwise are members of the SNO Settlement Class and/or the Franchise Operator Settlement Class); and

      (e)    All Quiznos Franchisees not represented by counsel against whom a default judgment was entered in favor of any of the Defendants named in the Franchise Operator Class Action Litigation.

6.    With respect to both the SNO Settlement Class and the Franchise Operator Settlement Class, this Court finds and concludes that: (a) the SNO Class Members and Franchise Operator Class Members are so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to each settlement class which predominate over any individual questions; (c) claims of the SNO Representative Plaintiffs and Franchise Operator Representative Plaintiffs are typical of the claims of their respective settlement class; (d) the SNO Representative Plaintiffs and Franchise Operator Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the SNO Settlement Class and Franchise Operator Settlement Class, respectively; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Pursuant to Fed. R. Civ. P. 23, the Court hereby approves the Agreement and finds that the Agreement is, in all respects, fair, reasonable and adequate to the SNO Representative Plaintiffs, the Franchise Operator Representative Plaintiffs, the SNO Settlement Class and the Franchise Operator Settlement Class, in light of the complexity, expense, possible duration of further litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. The Court further finds that the Settlement is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the SNO Representative Plaintiffs, the Franchise Operator Representative Plaintiffs, the SNO Settlement Class, the Franchise Operator Settlement Class, QCE, the QCE-Related Parties, and the Defendants.

8. As of the date hereof, the SNO Representative Plaintiffs, the SNO Class Members, the Franchise Operator Representative Plaintiffs and the Franchise Operator Class Members shall be deemed to have, and by operation of this Final Order and Judgment for Dismissal shall have, fully, finally, and forever released, relinquished and discharged all Released Claims Belonging to SNO Class Members and Franchise Operator Class Members as more specifically contemplated in paragraphs 2.51 and 6.1(b) of the Agreement. The release provided by each member of the SNO Settlement Class and Franchise Operator Settlement Class to the Quiznos Released Parties applies whether or not such class member executed and delivered a Claim Form pursuant to the Agreement. The release provided in paragraphs 2.51 and 6.1(b) does not apply to any and all SNO Class Members and Franchise Operator Class Members who timely and properly exercised their right to opt out of the SNO Settlement Class and/or the Franchise Operator Settlement Class.

9. As of the date hereof, QCE, on its behalf and on behalf of the QCE-Related Parties and Defendants, shall be deemed to have, and by operation of this Final Order and Judgment for Dismissal shall have, fully, finally, and forever released, relinquished and discharged all Released

Claims Belonging to the Quiznos Released Parties as more specifically contemplated in paragraphs 2.52 and 6.1(c) of the Agreement. Except as otherwise provided in the Agreement, the release provided by QCE, on its behalf and on behalf of the QCE-Related Parties and Defendants applies whether or not the SNO Class Member or Franchise Member Class Member executed and delivered a Claim Form pursuant to the Agreement. The release provided in paragraphs 2.52 and 6.1(c) does not apply to any and all SNO Class Members and Franchise Operator Class Members who timely and properly exercised their right to opt out of the SNO Settlement Class and/or the Franchise Operator Settlement Class.

      10. The SNO Representative Plaintiffs, the Franchise Operator Representative Plaintiffs, the SNO Settlement Class and the Franchise Operator Settlement Class (together with their owners, guarantors, officers, directors, predecessors, successors, representatives, heirs, executors, administrators, successors and assigns), whether or not such class members submit a Claim Form (except those members of the SNO Settlement Class and the Franchise Operator Settlement Class who timely and properly opt out of the SNO Settlement Class and/or Franchise Operator Settlement Class in accordance with paragraph 12.2 of the Agreement), are hereby permanently enjoined, as of the date of this Order, from commencing or prosecuting any action arising out of or relating to any Released Claims Belonging to SNO Class Members and Franchise Operator Class Members against QCE, the QCE-Related Parties and Defendants (together with their owners, guarantors, officers, directors, predecessors, successors, representatives, heirs, executors, administrators, successors and assigns). Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by the defendants in such action (including, but not limited to, costs and reasonable attorneys' fees of QCE, QCE-Related Parties and Defendants), as a result of the violation. This Order shall not be

construed to enjoin the SNO Representative Plaintiffs, the Franchise Operator Representative Plaintiffs, the SNO Settlement Class and the Franchise Operator Settlement Class (together with their owners, guarantors, officers, directors, predecessors, successors, representatives, heirs, executors, administrators, successors and assigns) from asserting the following claims: (i) any and all claims not otherwise released that arise after the effective date of any release provided pursuant to the Agreement; (ii) any and all claims seeking clarification of the terms of the Agreement; and (iii) any and all claims for non-performance and/or breach of the Agreement.

11. Except as otherwise provided in the Agreement, QCE, the QCE-Related Parties and Defendants (together with their owners, guarantors, officers, directors, predecessors, successors, representatives, heirs, executors, administrators, successors and assigns), are hereby permanently enjoined, as of the date of this Order, from commencing or prosecuting any action arising out of or relating to the Released Claims Belonging to the Quiznos Released Parties against SNO Class Members and/or Franchise Operator Class Members who do not opt out in accordance with paragraph 12.2 of the Agreement. Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by the defendants in such action (including, but not limited to, costs and reasonable attorneys' fees of any SNO Representative Plaintiff, Franchise Operator Representative Plaintiff, SNO Class Member or Franchise Operator Class Member), as a result of the violation. This Order shall not be construed to enjoin QCE, the QCE-Related Parties and Defendants (together with their owners, guarantors, officers, directors, predecessors, successors, representatives, heirs, executors, administrators, successors and assigns) from asserting the following claims: (i) any and all claims not otherwise released that arise after the effective date of any release provided pursuant to the Agreement; (ii) any and all claims seeking clarification of the terms of the Agreement;

and (iii) any and all claims for non-performance and/or breach of the Agreement.

12. The Court hereby approves and awards attorneys' fees and costs to Class Counsel in the amount of $10,000,000.00 (ten million dollars) (attorneys' fees) and $810,425.27 (Eight hundred ten thousand, four hundred twenty five dollars and twenty seven cents) (costs), for a total of $10,810.425.27, which the Court finds to be fair and reasonable.

13. Neither the Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims Belonging to the SNO Class Members and Franchise Operator Class Members or any Released Claims Belonging to the Quiznos Released Parties, or of any wrongdoing or liability of QCE, the QCE-Related Parties, the Defendants, the SNO Class Members, and the Franchise Operator Class Members; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of QCE, the QCE-Related Parties, the Defendants, the SNO Class Members, and Franchise Operator Class Members in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or this Final Judgment and Order for Dismissal may be filed in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

14. In the event that the Agreement does not become effective in accordance with its terms, then this Final Judgment and Order for Dismissal shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15. Except as to any individual claim of those Persons (identified in Exhibit 2 hereto) who have validly and timely requested exclusion from the SNO Settlement Class and/or Franchise Operator Settlement Class in accordance with the Agreement, this action, all other actions comprising the Franchise Operator Class Action Litigation, and the SNO Class Action Litigation and all claims and defenses therein, including, without limitation, the Released Claims Belonging to the SNO Class Members and Franchise Operator Class Members and the Released Claims Belonging to the Quiznos Released Parties defined in the Agreement, are dismissed with prejudice. The parties to the SNO Class Action and the other cases comprising the Franchise Operator Class Action Litigation shall take all steps necessary to cause those cases to be dismissed within three (3) business days of entry of this Final Judgment and Order for Dismissal.

16. Pursuant to Fed. R. Civ. P. 41(a)(2), the Court hereby dismisses this action, with prejudice and on the merits. The Parties are to bear their own costs, except as otherwise provided in the Agreement and this order or further order of this Court; provided, however, that this Court retains jurisdiction to adjudicate any dispute over the interpretation and/or full and effective implementation of the Agreement.

**IT IS SO ORDERED.**

Dated: August 13, 2010

THE HONORABLE REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE

9